UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MAYERLINE SANDERS,

                    Plaintiff,

          - against -

ANTHONY PARKER and SUNY
DOWNSTATE HEALTH SCIENCES
UNIVERSITY,

                  Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-5141 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Mayerline Sanders brings this action against Defendants SUNY Downstate Health Sciences University ("Defendant SUNY") and Anthony Parker ("Defendant Parker") for violations of the wage overtime provisions of the Fair Labor Standards Act ("FLSA") and the overtime and vacation accrual provisions of the New York Labor Law ("NYLL"). Plaintiff, who was an executive assistant at Defendant SUNY, seeks monetary relief for an alleged 1456 hours of overtime worked and 40 accrued vacation days, in addition to injunctive and declaratory relief. Before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. to Dismiss, Dkt. 7, at ECF 5 ("Plaintiff's claims fail as a matter of law for lack of subject matter and failure to state a claim[.]").)

Because sovereign immunity bars suit against Defendants under the FLSA, the Court grants Defendants' motion and dismisses the case.

## BACKGROUND

Plaintiff is a resident of Kings County, New York and worked as an executive assistant at the New York Congregational Nursing Center of SUNY Downstate Health Science University from approximately October 2015 to December 2021. (Compl., Dkt. 1, ¶ 7.) Defendant SUNY is

a New York State public medical school located in Brooklyn, and is a subdivision of the State University of New York network of public institutions. (*Id.* ¶ 9.) Defendant Parker is the Assistant Vice President of Human Resources at Defendant SUNY. (*Id.* ¶ 8.)

During the time Plaintiff worked for Defendant SUNY, she was also a SUNY student. (*Id.* ¶ 15.) Plaintiff states that on or about December 2021, her employment contract was not renewed, and Defendants "placed a picture of Plaintiff at the security desk and refused her entry to attend classes." (*Id.* ¶ 16.) Upon inquiry by Plaintiff as to compensation overtime and accrued vacation time, Defendant Parker stated in an email to Plaintiff that it was Defendant Parker's "understanding that [Plaintiff] returned an inoperable laptop computer," and as a result, "her [] payment [was] being held in abeyance until further notice." (*Id.* ¶ 18.) Plaintiff states that the laptop, which belonged to Defendant SUNY, was "returned . . . in perfect working condition[]." (*Id.*)

As a result of the nonrenewal of her employment contract, Plaintiff asserts three causes of action. First, Plaintiff alleges Defendants violated Section 207 of the Fair Labor Standards Act, 29 U.S.C. § 207, by failing to pay Plaintiff one-and-a-half times the regular rate of pay for hours worked in excess of 40 hours per week. (Dkt. 1, ¶¶ 19–24.) Plaintiff seeks payment for 1456 hours of overtime. (Dkt. 1, ¶¶ 13, 19–24.) Second, Plaintiff asserts that Defendants violated the Hospitality Industry Wage Order of New York Labor Law ("NYLL"), N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4, which similarly requires employers to pay employees overtime compensation at the rate of one-and-a-half times the employee's regular rate for hours worked in excess of 40 hours in one work week.[1] (*Id.* ¶¶ 25–31.) Third, Plaintiff asserts that Defendants violated NYLL Section 191 by failing to pay her for 40 accrued vacation days. (*Id.* ¶¶ 14, 32–36.)

---

[1] Curiously, Plaintiff points to a section of the NYLL that applies to the hospitality industry. Nowhere in her Complaint does Plaintiff claim to have been a hospitality worker while employed by Defendant SUNY or that Defendant SUNY is a business in the "hospitality industry" as defined

## I.      Procedural History

Plaintiff filed her Complaint on August 30, 2022.  (Dkt. 1.)  Plaintiff argues that jurisdiction is proper over her FLSA claims pursuant to 29 U.S.C. § 216(b)[2] and 28 U.S.C. § 1331, and that this Court has supplemental jurisdiction over her NYLL claims pursuant to 28 U.S.C. § 1367(a).  (*Id.* ¶¶ 2–3.)

Defendants filed their motion to dismiss on October 18, 2022, alleging that this Court lacks subject matter jurisdiction over Plaintiff's FLSA claims because of sovereign immunity and that, regardless of jurisdiction, Plaintiff's NYLL claims fail to state a claim. (Dkt. 7, at ECF 2–5.[3]) Specifically, Defendants assert that because Defendant SUNY is a state agency and Defendant Parker is a state agent acting in his official capacity, both Defendants are protected from this action under the Eleventh Amendment's grant of sovereign immunity.  (*Id.* at ECF 2.)  In addition to sovereign immunity protection, Defendants further argue that Plaintiff's claims under NYLL fail because: (1) Defendant SUNY is exempt from the NYLL based on the language of the statute, (2) the NYLL does not provide a private right of action for alleged underpayment or failure to pay wages (such as overtime and vacation pay), and (3) Defendant Parker is not subject to the NYLL because he was not Plaintiff's employer.  (*Id.* at ECF 4–5.)

Plaintiff argues that her suit survives Defendants' claim of sovereign immunity under the *Ex parte Young* doctrine, which permits a plaintiff to "sue a state official acting in his official

---

in N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1.  The Court does not address the deficiency of this pleading because it does not reach the merits of her NYLL claims.  Suffice it to say that the Court recognizes that Defendant SUNY is neither a restaurant nor hotel as defined in the statute.

[2] 29 U.S.C. § 216(b) of the FLSA creates a private cause of action for employees whose employers violate the wage and overtime provisions of the FLSA.

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d. Cir. 2007) (quoting *Edelman v. Jordan*, 415 U.S. 651, 677 (1974); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 287–88 (2d Cir. 2003)); *see also State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting same).  (Dkt. 8, at ECF 2.)  Plaintiff articulates the relief she seeks as prospective: "[D]efendants['] refusal to pay [P]laintiff is ongoing and continues to be in violation of the [FLSA][.]"[4]  (Dkt. 8, at ECF 3.)

**LEGAL STANDARD**

**I.      Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard," *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 286 (E.D.N.Y. 2013), except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of evidence that it exists[,]" *Makarova*, 201 F.3d at 113.  When considering a motion to dismiss under Rule 12(b)(1), the Court takes as true the factual allegations in the Complaint but does not draw inferences favorable to the party asserting jurisdiction.  *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

---

[4] Plaintiff also argues that Defendant Parker may be considered an employer—though does not specify whether this is under the FLSA or the NYLL, nor cite authority on this point—because "Parker issued an order that [P]laintiff should not be paid." (Dkt. 8, at ECF 3.)  Because this Court reaches its conclusion on the basis of the jurisdictional question alone, it does not address Parker's status as an employer under either law.

## DISCUSSION

## I.    Eleventh Amendment Sovereign Immunity and the Defendants[5]

Defendants assert that Plaintiff's FLSA claims against them are barred by sovereign immunity and should therefore be dismissed.  (Dkt. 7, at ECF 2.)  The Court agrees.

"The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states[,]" and precludes "actions in which a state is actually named as a defendant, but also certain actions against state agents and instrumentalities, including actions for the recovery of money from the state." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).  "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (citing U.S. CONST. amend. XI; *Alden v. Maine*, 527 U.S. 706, 727–28 (1999)).

---

[5] Whether a state's sovereign immunity under the Eleventh Amendment presents a question of subject matter jurisdiction is an open question in the Supreme Court and the Second Circuit. *See Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013) (leaving open "whether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense").  Indeed, given this uncertainty, the Second Circuit has continued to defer on this issue, especially where a case's outcome is not affected by this question. *See Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 50 n. 1 (2d Cir. 2020) (affirming district court's dismissal of Section 1983 claims against defendant Stony Book University on sovereign immunity grounds).  Similarly, the Court "need not pursue the matter here" because it does not affect the outcome of Defendants' motion to dismiss on sovereign immunity, whether as a matter of jurisdiction under Rule 12(b)(1) or an affirmative defense under 12(b)(6). *Id.*

Plaintiff names SUNY as a Defendant, along with Defendant Parker, a SUNY employee acting in his official capacity.[6]  Courts in this Circuit have repeatedly found that entities affiliated with SUNY are government agencies.  *See Eldars v. State Univ. of N.Y.*, No. 20-2693, 2021 WL 4699221, at *2 (2d Cir. Oct. 8, 2021) (quoting *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) ("For Eleventh Amendment purposes, SUNY is an integral part of the government of the State of New York and when it is sued the State is the real party.")); *see also Garcia v. State Univ. of N.Y. Health Scis. Ctr.*, 280 F.3d 98, 115–16 (2d Cir. 2001) (affirming dismissal of claims against SUNY Health Sciences Center at Brooklyn as barred by sovereign immunity); *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621 (RPK) (LB), 2022 WL 15497120, at *2 (E.D.N.Y. Oct. 27, 2022) (indicating that "SUNY Health Science[s] Center at Brooklyn appears to be simply another name for SUNY Downstate College of Medicine") (citations omitted).

Therefore, Defendants—a SUNY entity and SUNY employee—qualify for sovereign immunity.

## II.    Sovereign Immunity and Plaintiff's FLSA Claims

Eleventh Amendment sovereign immunity is not absolute.  There are two ways to bring the state into federal court: 1) the state may waive its immunity and consent to a lawsuit; and 2) Congress may explicitly eliminate by statute a state's sovereign immunity.  *See McCluskey v. N.Y. State Unified Ct. Sys.*, No. 10-CV-2144 (JFB) (ETB), 2010 WL 2558624, at *5 (E.D.N.Y. June

---

[6] Parker is being sued in his capacity as Assistant Vice President of Human Resources at Defendant SUNY.  Since the suit seeks unpaid wages and pay for accrued vacation from Defendant SUNY and not from Defendant Parker personally, the suit as brought against him is properly viewed as one brought against the state. *DeMartino v. New York*, No. 12-CV-3319 (SJF) (AKT), 2013 WL 3226789, at *5 (E.D.N.Y. June 24, 2013) ("[T]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.") (internal quotation marks omitted) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984)).

17, 2010) ("Absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states."), *aff'd*, 442 F. App'x 586 (2d Cir. 2011); *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.").

### A.   <u>Waiver, Abrogation</u>

The Court finds neither of the two avenues for a state court case getting into federal court exist here.  First, Defendants have not waived their sovereign immunity—quite the contrary. Defendants have maintained that this lawsuit is barred by sovereign immunity in each of their submissions to the Court.  (Dkt. 5, at ECF 2; Dkt. 7, at ECF 2; Dkt. 9, at ECF 1–3.)  Plaintiff has not alleged that any statutory waiver applies, and the standards for finding such waiver are stringent.  *See Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute . . . Waiver may not be implied.").

Second, notwithstanding contrary statements in the FLSA's legislative history, Congress did not successfully abrogate sovereign immunity in enacting the FLSA.  *See Pawlow v. Dep't of Emergency Serv. & Pub. Prot.*, 172 F. Supp. 3d 568, 577 (D. Conn. 2016) ("[T]he FLSA does not successfully abrogate state sovereign immunity under the Eleventh Amendment.").  While Congress may at times intend to abrogate state sovereign immunity to suit in federal court by statutory enactment, this abrogation will not be recognized by the courts unless in so doing Congress has "act[ed] 'pursuant to a valid exercise of power.'"  *Close v. New York*, 125 F.3d 31, 36 (2d Cir. 1997) (quoting *Seminole*, 517 U.S. at 55).  In *Close*, the Second Circuit held that regardless of Congress's intent to abrogate sovereign immunity when it enacted the FLSA, the holding of *Seminole* compels courts to conclude that Congress did not have the power to abrogate sovereign immunity.  *Id.* at 35 ("[Plaintiff] [e]mployees maintain . . . Congress retains the power

to abrogate the States' Eleventh Amendment sovereign immunity under the FLSA. . . .We disagree.").

### B.   Defendant Parker and the *Ex Parte Young* Doctrine

Apart from waiver or abrogation, there exists an additional exception to sovereign immunity, first announced in *Ex parte Young*, 209 U.S. 123 (1908), that "permits plaintiffs seeking prospective, injunctive relief to sue state government officials for violations of federal law." *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 121 (2d Cir. 2019).  The *Ex parte Young* exception "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Virginia Off. for Prot. & Advoc.*, 563 U.S. at 255 (internal citation omitted). As the Second Circuit has reasoned, "[i]n such circumstances, a plaintiff does not ask equity to create a remedy not authorized by the underlying law. Rather, it generally invokes equity preemptively to assert a defense that would be available to it in a state or local enforcement action." *Friends of the E. Hampton Airport v. Town of E. Hampton*, 841 F.3d 133, 144 (2d Cir. 2016).

In attempting to overcome sovereign immunity's bar of this lawsuit, Plaintiff relies on the *Ex parte Young* doctrine.  Plaintiff argues that despite the applicability of sovereign immunity (Dkt. 10, at ECF 2), this suit can nevertheless proceed against Defendants[7] because Plaintiff is seeking prospective relief for violations of the law.  (Dkt. 8, at ECF 2.)  Plaintiff makes no further argument beyond reciting the *Ex parte Young* exception and describing her injury as Defendants'

---

[7] Plaintiff refers to Defendants in the plural and does not concede that the *Ex parte Young* exception applies only to Defendant Parker as a state government official.  In spite of Plaintiff's imprecise formulation, the Court considers Plaintiff's *Ex parte Young* argument as only against Defendant Parker.

"fail[ure] to pay her for working overtime and for not compensating her for her vacation days accrued." (*Id.*)

It is true that *Ex parte Young* may provide prospective injunctive relief to a plaintiff, but the backpay Plaintiff seeks can hardly be characterized in such a way. "Suits against state officials that, in form or substance, seek compensatory damages (rather than prospective . . . relief) which will be paid with funds from the state treasury (rather than from the pockets of individual officials) remain barred." *Berman Enters., Inc. v. Jorling*, 793 F. Supp. 408, (E.D.N.Y. 1992) (citing *Edelman*, 415 U.S. at 664); *see also Williams v. Marinelli*, 987 F.3d 188, 197 (2d Cir. 2021) ("[Sovereign] immunity extends to cases where 'the action is in essence one for the recovery of money from the state,' even when individual officials are the nominal defendants."). Plaintiff attempts to create an end-run around the prohibition of compensatory damages under *Ex parte Young* by stylizing Defendants' failure to pay her overtime wages and unused vacation days as "ongoing" and that Defendants "continue[] to be in violation of the [FLSA] because plaintiff has not been paid for worked [sic] that was performed." (Dkt. 10, at ECF 3.) Plaintiff's attempt to cloak the compensatory, backward-looking relief she seeks is unavailing. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) ("[A] declaratory judgment is not available when the result would be a partial 'end run' around our decision in *Edelman*[.]"); *see also Marinelli*, 987 F.3d at 197 ("[T]he Eleventh Amendment bars declaratory relief that would have the same effect as an award of damages against the state.") (citations omitted). Plaintiff's attempt to circumvent the Eleventh Amendment through the backdoor of *Ex parte Young* therefore fails.

Even if the relief Plaintiff seeks could be characterized as prospective, suits seeking such injunctive relief under the wage and overtime provisions of the FLSA may only be brought by the

Secretary of Labor, not by private citizens.[8]  *See Mulverhill v. New York*, No. 87-CV-853, 1997 WL 394817, at *8 (N.D.N.Y. July 11, 1997) ("[T]he FLSA contains a broad remedial scheme such that the application of [*Ex parte Young*] is inappropriate" and regardless, "injunctive relief is only available to the Secretary of Labor in FLSA suits.") (collecting cases); *see also Luder v. Endicott*, 253 F.3d 1020, 1025 (7th Cir. 2001) (explaining that state employees cannot invoke the *Ex parte Young* exception to sovereign immunity "because they cannot obtain injunctive relief under the FLSA").  Additionally, Plaintiff seeks a declaratory judgment that Defendants' conduct violated the FLSA and the NYLL.  (*See* Dkt. 1, ¶ 38(a).)  This Court cannot entertain a claim for a declaratory judgment absent a justiciable FLSA claim.  *See New York State Ct. Clerks Ass'n v. Unified Ct. Sys.*, 25 F. Supp. 3d 459, 466 (S.D.N.Y. 2014) ("To the extent Plaintiffs assert a separate claim for a declaratory judgment that the FLSA has been violated by defendants [], it cannot be maintained in the absence of a justiciable FLSA claim.").

Accordingly, the FLSA claims against Defendant SUNY and Defendant Parker are dismissed under Rule 12(b)(1).[9]

## III.   Plaintiff's Pendent NYLL Claims

In light of the Court's dismissal of Plaintiff's one federal claim in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining NYLL claims, which are therefore dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).  *See Missick v. City of*

---

[8] Section 211(a) of the FLSA states that "the Administrator shall bring all actions under section 217 of this title to restrain violations of this chapter."  29 U.S.C. § 211(a).

[9] While no decisive holding dictates whether the lack of a private cause of action means a claim fails under 12(b)(1) or 12(b)(6), the claim against Parker would fail under the 12(b)(6) standard as well. *Eng v. Cash*, No. 10-CV-3117(SJF) (WDW), 2011 WL 4543414, at *2 (E.D.N.Y. July 5, 2011) (dismissing claim "pursuant to both 12(b)(1) and 12(b)(6)" brought under 42 U.S.C. § 3545 on the basis that only the Secretary of the United States Department of Housing and Urban Development is authorized to seek penalties under that section).

*New York*, 707 F. Supp. 2d 336, 354–55 (E.D.N.Y. 2010); *see also Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.") (internal quotation marks omitted).

**CONCLUSION**

For the reasons explained above, Defendants' motion to dismiss is granted.  Plaintiff's claim against Defendants seeking damages pursuant to the FLSA is dismissed under the Eleventh Amendment.  In light of the Court's dismissal of Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining two NYLL claims, which are dismissed without prejudice.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
**United States District Judge**

Dated: August 1, 2023
      Brooklyn, New York